**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| MARSHA KUT,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED RECOVERY SYSTEMS, L.P. and "MICHAEL HUNTER"<br><br>   Defendants. | Case No. 9:10-cv-_____ |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARSHA KUT (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this Complaint against UNITED RECOVERY SYSTEMS, L.P. (hereinafter referred to as "Defendant URS") and "MICHAEL HUNTER" (hereinafter referred to as "Defendant Hunter") (collectively referred to as "Defendants") and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiff is a natural person who resides in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and section 559.55(2), Fla. Stat.

5.    Defendant **URS** is a (upon information and belief) Texas limited partnership operating from an address of 5800 N. Course Drive, Houston, Texas 77072, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

6.    Defendant **Hunter** is a natural person employed by Defendant **URS** and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

7.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to pay for a Citi Mastercard, account number ending in 3618, in the approximate amount of $23,771.16.

8.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant **URS** and/or others for collection from Plaintiff.

9.    Defendants began attempting to collect the debt from Plaintiff.

10.   Defendants used methods such as dunning letters and collection calls.  See dunning letter attached hereto as Exhibit 1.

11.   At all times relevant herein, Defendants had Plaintiff's address and telephone number.

12.   Despite having all of Plaintiff's contact information, Defendants began calling third parties, including Plaintiff's neighbor, Mindy Collier.  See email from neighbor attached hereto as Exhibit 2.

13.    Plaintiff was mortified to find out Defendants informed a neighbor of her personal business and broke down into tears upon receipt of the email.

### *Summary*

14.    All of the above-described collection actions and communications made to Plaintiff by Defendants and other collection employees employed by Defendant **URS** were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others, and the FCCPA, including but not limited to Section 559.72(5), (6), and (9).

15.    During their collection communications, the debt collectors employed by Defendant **URS** repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

16.    The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA.

17.    This series of attempted collection acts by Defendant **URS** and its employees pushed Plaintiff to consider bankruptcy as a way out of this debt.

18.    Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

19.     Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

20.     The acts and omissions of the debt collectors employed as agents by Defendant **URS** who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant **URS**.

21.     The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant **URS** in collecting consumer debts.

22.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant **URS**.

23.     Defendant **URS** is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

24.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25.     Plaintiff incorporates by reference 1 – 24 of the above paragraphs of this Complaint as though fully stated herein.

26.     The foregoing acts and omissions of the Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

28.    Plaintiff incorporates by reference 1 – 24 of the paragraphs of this Complaint as though fully stated herein.

29.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Section 559.72(5), (7), (9), with respect to Plaintiff.

30.    As a result of Defendants' violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendants

31.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

- for an award of actual damages pursuant to Section 559.77 for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: _____                    **THE DELLUTRI LAW GROUP, P.A.**
                                The Dellutri Law Group Plaza
                                1436 Royal Palm Square Blvd.
                                Fort Myers, FL 33919
                                (239) 939-0900
                                (239) 939-0588 – Fax
                                www.DellutriLawGroup.com
                                *Attorneys for Plaintiff*


                                By: **s/David W. Fineman**
                                DAVID W. FINEMAN, ESQ.
                                Fla. Bar No. 0040993
                                dfineman@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA          )
                            ) ss
COUNTY OF LEE            )

Plaintiff, MARSHA KUT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Marsha Kut*
MARSHA KUT

Subscribed and sworn to before me this 17th day of September, 2010 by MARSHA KUT who:

☐ is personally known; or

☒ produced identification _FL  Drivers License._

CHRISTIE LEE GARRATT
Notary Public - State of Florida
My Comm. Expires Jan 3, 2013
Commission # DD 843234
Bonded Through National Notary Assn.

*Christie Lee Garratt*
Notary Public

(SEAL)